JS 44
(Rev. 07/89)

# CIVIL COVER SHEET B 01-0541

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

JOHN GILBERT

## DEFENDANTS

JIM HOGG COUNTY, TEXAS, ISAAC BOLCH, in his Individual and Official Capacities, and GILBERT YBANEZ, in his Individual and Official Capacities

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Cameron**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Jim Hogg**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Tx. 78520

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. § 1983

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☒ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $
$1,000,000

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
4/4/01

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*
Michael R. Cowen

**UNITED STATES DISTRICT COURT**

United States District Court
Southern District of Texas
FILED

APR 4   2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN GILBERT | } | |
| | } | |
| VS. | } | CIVIL ACTION NO. B 01 - 0 5 4 |
| | } | |
| JIM HOGG COUNTY, TEXAS, | } | |
| ISAAC BOLCH, in his Individual | } | |
| and Official Capacities, and | } | JURY DEMANDED |
| GILBERT YBANEZ, in his | } | |
| Individual and Official Capacities | } | |

## PLAINTIFF'S ORIGINAL COMPLAINT

John Gilbert, Plaintiff, files this Plaintiff's Original Complaint, bringing suit against

Defendants Jim Hogg County, Texas, Isaac Bolch, in his individual and official capacities,

and Gilbert Ybanez, in his individual and official capacities.

### PARTIES

1.1     Plaintiff John Gilbert is an individual residing in Cameron County, Texas.

1.2     Defendant Jim Hogg County, Texas is a political subdivision of the State of Texas.

It can be served with process by serving County Judge Agapito Molina, at the Jim

Hogg County Courthouse.

1.3     Defendant Isaac Bolch is an individual residing in Texas.  He may be served with

process by personal service wherever he may be found.

1.4     Defendant Gilbert Ybanez is an individual residing in Jim Hogg County, Texas.

He may be served with process at 401 N. Karen, Hebbronville, Texas 78361.

## JURISDICTION

2.1     This Court possesses Federal Question jurisdiction because Plaintiff is bringing

claims under 42 U.S.C. § 1983.

## VENUE

3.1     Venue is proper in the Southern District of Texas because the acts giving rise to

Plaintiff's cause of action occurred in the Southern District of Texas.

3.2     Venue is proper in the Southern District of Texas because Defendant Jim Hogg

County, Texas is located in the Southern District of Texas.

3.3     Venue is proper in the Southern District of Texas because Defendant Ybanez

resides within the Southern District of Texas.

## FACTS

4.1     At all times relevant to this lawsuit, Plaintiff was employed by the United States

federal government as a Border Patrol agent.

4.2     As a United States Border Patrol agent, Plaintiff was authorized by federal law to

carry a firearm, both while on-duty and while off-duty.

4.3     At all times material to this lawsuit, Defendant Gilbert Ybanez was Sheriff of Jim

Hogg County, Texas.

4.4     At all times material to this lawsuit, Defendant Isaac Bolch was employed by

Defendant Jim Hogg County, Texas as a Sheriff's Deputy.

4.5     As Sheriff, Defendant Ybanez was a policymaker for Defendant Jim Hogg County,

Texas.

4.6     During the time that Defendant Ybanez was sheriff of Jim Hogg County, Texas, friends and family members of Jim Hogg County Sheriff Department personnel were involved in narcotics trafficking.

4.7     United States Border Patrol agents arrested friends and family of Jim Hogg County Sheriff's Department personnel for narcotics offenses.

4.8     For example, on or about August 6, 1998, Plaintiff Gilbert arrested Jose Ybanez, the relative of Defendant Ybanez, with approximately 13.88 pounds of cocaine and approximately 203 pounds of marijuana.

4.9     The Jim Hogg County Sheriff's Department adopted a policy, practice, and/or custom of harassing United States Border Patrol agents.

4.10    For example, a Jim Hogg County Sheriff's deputy stopped and ticketed a Border Patrol agent who was driving a marked Border Patrol vehicle.

4.11    The policy, practice, and/or custom of harassing United States Border Patrol agents included a pattern and practice of unjustified traffic stops.

4.12    On or about April 7, 1999, Plaintiff Gilbert was driving in a 1994 Ford Mustang in Hebbronville, Texas.

4.13    As part of the Jim Hogg County Sheriff's Department's policy, practice, and/or custom of harassing United States Border Patrol agents, on or about April 7, 1999 Defendant Bolch stopped Plaintiff's vehicle.

4.14    At all times material to this lawsuit, including the April 7, 1999 stop and arrest, Defendant Bolch was acting under color of state law, and was acting in the course

and scope of his employment with the Jim Hogg County Sheriff's Department.

4.15   Plaintiff is a drug awareness officer with the D.A.R.E. program.

4.16   Defendant Bolch stopped Plaintiff Gilbert in front of the school where he was a drug awareness officer.

4.17   Defendant Bolch knew that Plaintiff was a United States Border Patrol agent.

4.18   Defendant Bolch told Plaintiff Gilbert that he stopped Plaintiff because Plaintiff's passenger was not wearing a seat belt.

4.19   Defendant Bolch could not have known whether or not Plaintiff's passenger was wearing a seat belt because the windows in the 1994 Mustang were darkly tinted.

4.20   Defendant Bolch also claimed that Plaintiff revved his engine.

4.21   Defendant Bolch's claim was false; Plaintiff did not rev his engine.

4.22   Defendant Bolch did not have probable cause to stop Plaintiff.

4.23   Defendant Bolch's stopping Plaintiff was illegal and unconstitutional.

4.24   Plaintiff had his government-issued handgun in the Mustang.

4.25   Plaintiff informed Defendant Bolch that he was a United States Border Patrol agent.

4.26   Plaintiff informed Defendant Bolch that he had a government-issued handgun in the vehicle.

4.27   Defendant Bolch instructed Plaintiff to step out and walk to the rear of the vehicle.

4.28   Plaintiff complied with Defendant Bolch's instructions.

4.29   Defendant Bolch asked Plaintiff whether he had a Texas concealed handgun permit.

4.30    Plaintiff replied that he did not.

4.31    Defendant Bolch asked whether Plaintiff was a law enforcement officer.

4.32    Plaintiff replied that he was a United States Border Patrol agent.

4.33    Defendant Bolch asked Plaintiff whether he was going to or from work.

4.34    Plaintiff replied that he was not.

4.35    Defendant Bolch asked Plaintiff whether he was on duty.

4.36    Defendant Bolch replied that he was not.

4.37    Defendant Bolch told Plaintiff that Plaintiff had no authority to carry a firearm
        while off duty.

4.38    Plaintiff attempted to show Defendant Bolch his credentials--which explicitly
        permit him to carry a firearm--but Defendant Bolch would not listen.

4.39    Plaintiff explained to Defendant Bolch that federal law permitted him to carry a
        firearm; but Defendant Bolch did not care.

4.40    Defendant Bolch arrested Plaintiff, alleging that Plaintiff was guilty of unlawful
        carrying of a firearm in violation of Texas Penal Code § 46.02.

4.41    Defendant Bolch handcuffed Plaintiff.

4.42    Defendant Bolch took Plaintiff into a marked Jim Hogg County Sheriff's vehicle.

4.43    Before Plaintiff could get his entire body inside the vehicle, Defendant Bolch
        slammed the door against Plaintiff's left knee, pinning it between the cage and the
        door.  This action injured Plaintiff's knee.

4.44    Defendant Bolch did not ticket the passenger in the Mustang for not wearing a
        seatbelt.

4.45    Defendant Bolch transported Plaintiff to jail.

4.46    Plaintiff was stripped of his shoes and his possessions.

4.47    Employees of the Jim Hogg County Sheriff's Department seized Plaintiff's government-issued firearm and credentials, supposedly as evidence.

4.48    Rene Ruiz, an employee of the Jim Hogg Sheriff's Department, fingerprinted and photographed Plaintiff.

4.49    Ruiz asked Plaintiff to sign his fingerprints so that they could be forwarded to the FBI.

4.50    The forwarding of the prints to the FBI would result in Plaintiff receiving an FBI number.

4.51    As a federal law enforcement officer, Plaintiff was concerned about having an FBI number.  The fact that Plaintiff has an FBI number will come up every time that Plaintiff undergoes a periodic background investigation, and it will put Plaintiff at a disadvantage in seeking promotions.

4.52    Ruiz unnecessarily asked Plaintiff a series of personal and humiliating conditions.

4.53    Plaintiff asked Ruiz where Plaintiff was to be held.

4.54    Ruiz informed Plaintiff that he was to be held in the back with the other inmates.

4.55    Because Plantiff was a law enforcement agent, he asked to be left in the holding cell, separate from the general population.

4.56    Plaintiff feared for his safety among the general population.

4.57    Nevertheless, Plaintiff was locked in a cell in the area where the other inmates were housed.

CtMPDF - www.fenito.com

4.58    Although Plaintiff's cell was locked, the remainder of the cells whether the other inmates were housed were unlocked.

4.59    The inmates and what appeared to be a trustee were allowed to walk up and down a hallway where Plaintiff was housed.

4.60    The condition of Plaintiff's cell was deplorable.

4.61    There was feces in and around the toilet.

4.62    There were pubic hairs embedded in the mattress cover.

4.63    The mattress had not been washed in a very long time.

4.64    During his arrest and detention, Plaintiff availed himself of his free speech rights guaranteed by the First and Fourteenth Amendments to the United States Constitution, as well as the Texas Constitution, and protested his unlawful arrest and detention.

4.65    In retaliation, Defendants Bolch and Ybanez charged Plaintiff with disorderly conduct.

4.66    All of the charges against Plaintiff were later dismissed.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983

5.1    The conduct of Defendants, as set forth above, violated Plaintiff's civil and constitutional rights.

5.2    Specifically, Defendant Bolch violated Plaintiff's rights by falsely arresting and detaining him.

5.3     Defendant Bolch also violated Plaintiff's rights by using excessive force in slamming the door on his knee.

5.4     Defendant Ybanez violated Plaintiff's rights by approving Plaintiff's arrest and detention, and by having Plaintiff charged with untrue allegations of criminal conduct.

5.5     Defendants Ybanez and Jim Hogg County, Texas violated Plaintiff's rights by detaining him in unconstitutional jail conditions, including the feces on the toilet, the pubic hairs in the mattress, and the unwashed mattress.

5.6     Defendant Jim Hogg County, Texas is liable for Defendant Ybanez's violations of Plaintiff's rights because, as sheriff, Defendant Ybanez was a policymaker for Jim Hogg County, Texas.

5.7     Defendant Jim Hogg County, Texas is liable for the actions of Defendants Bolch and Ybanez because there was a policy, practice and/or custom of harassing Border Patrol agents.


### SECOND CAUSE OF ACTION

### FALSE ARREST/FALSE IMPRISONMENT

6.1     The conduct of Defendants Ybanez and Bolch, in their individual capacities only, constitute false arrest and false imprisonment.

6.2     Defendant Bolch willfully detained Plaintiff when he arrested him and caused him to be held in jail.

6.3     Defendant Ybanez willfully detained Plaintiff when he approved Plaintiff's

detention.

6.4    The arrest and detention of Plaintiff was without Plaintiff's consent.

6.5    Defendants Bolch and Ybanez had no authority of law to arrest and imprison Plaintiff because there was no probable cause to arrest and detain Plaintiff, and because Plaintiff violated no law.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

7.1    Defendant Bolch was negligent in slamming the door of the Jim Hogg County Sheriff's vehicle on Plaintiff's knee.

7.2    As a direct and proximate result of Defendant Bolch's negligence, Plaintiff suffered damages.

7.3    Defendant Jim Hogg County is liable for Defendant Bolch's negligence under the Texas Tort Claims Act.

## FOURTH CAUSE OF ACTION

### ASSAULT

8.1    The actions of Defendant Bolch (in his individual capacity) in slamming the door on Plaintiff's knee constituted an assault.

8.2    As a direct and proximate result of Defendant Bolch's assault, Plaintiff suffered damages.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

9.1    The Conduct of Defendnats Bolch and Ybanez (in their individual capacities) constituted intentional infliction of emotional distress.

9.2    Defendants Bolch and Ybanez acted intentionally or recklessly in falsely arresting and detaining Plaintiff, and in their treatment of Plaintiff during the arrest and detention.

9.3    The conduct of Defendants Bolch and Ybanez was extreme and outrageous; it was outside all possible bounds of decency, reprehensible, and completely intolerable in a civilized society.

9.4    As a direct and proximate result of Defendants Bolch and Ybanez's outrageous conduct, Plaintiff suffered severe emotional distress.

## SIXTH CAUSE OF ACTION

## DEFAMATION

10.1    The conduct of Defendants' Bolch and Ybanez (in their individual capacities) constituted defamation.

10.2    Defendants published a false statement about Plaintiff when they caused him to have an arrest record (falsely indicating that there was probable cause to arrest him) and an FBI number.

10.3    These false statements were defamatory, especially to a federal law enforcement officer.

10.4   Defendants acted with negligence and malice regarding the truth of the statements.

10.5   As a result of Defendants Bolch and Ybanez's defamation, Plaintiff has suffered damages.

## CONSPIRACY

11.1   Defendants Bolch and Ybanez (in their individual capacities only) were involved in a conspiracy to harass Border Patrol agents. The common law torts set out in this Petition were committed in furtherance of that conspiracy. Therefore, Defendants Bolch and Ybanez (in their individual capacities only) are vicariously liable for one another's tortious conduct.

## JOINT ENTERPRISE

12.1   Defendants Bolch and Ybanez were engaged in a joint enterprise. Therefore, they are each vicariously liabile (in their individual capacities only) for each others tortious conduct.

## DAMAGES

13.1   As a direct and proximate result of Defendants' tortious' and illegal conduct, as set forth above, Plaintiff has suffered damages, including:

   (a)   Mental anguish;

   (b)   Pain and suffering;

   (c)   Loss of liberty and freedom; and

(d)     Loss of earning capacity.

For these losses, Plaintiff seeks to recover actual damages in the amount of

$1,000,000.00.

13.2    Plaintiff also seeks to recovery attorney's fees and expert fees under 42 U.S.C.

§1988.

13.3    Plaintiff also seeks to recover prejudgment interest, post judgment interest, and

costs of court.


## MALICE/EXEMPLARY DAMAGES

14.1    Defendants' conduct, as described above, constitutes malice as that term is defined

by the Texas Civil Practice and Remedies Code.

14.2    Defendants are therefore liable for exemplary or punitive damages.

14.3    Plaintiff prays that the jury and the Court award $1,000,000.00 in exemplary or

punitive damages.

RESPECTFULLY SUBMITTED,

MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
Telephone (956) 541-4981
Facsimile (956) 504-3674


By: _____

Michael R. Cowen
S.D. Tex. ID No. 19967
Texas Bar No. 00795307

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

DISTRICT OF

JOHN GILBERT

## SUMMONS IN A CIVIL CASE

V.

JIM HOGG COUNTY TEXAS, ISAAC BOLCH,
in his Individual and Offical
Capacities, and GILBERT YBANEZ, in
his Individual and Official Capacities

CASE NUMBER: **B 01-054**

TO: (Name and address of defendant)

Gilbert Ybanez
401 N. Karen
Hebbronville, Texas 78361

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Tx.78520

n answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after ervice of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken gainst you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a easonable period of time after service.

Michael N. Milby, Clerk

LERK

Y) DEPUTY CLERK

DATE

4/4/01

O 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF _____

JOHN GILBERT

## SUMMONS IN A CIVIL CASE

V.

JIM HOGG COUNTY TEXAS, ISAAC BOLCH,
in his Individual and Offical
Capacities, and GILBERT YBANEZ, in
his Individual and Official Capacities

CASE NUMBER: B 01-054

TO: (Name and address of defendant)

Jim Hogg County, Texas
By Serving: Judge Agapito Molina
Jim Hogg County Courthouse
Hebbronville, Texas 78361

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Tx.78520

n answer to the complaint which is herewith served upon you, within __twenty (20)__ days after ervice of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken gainst you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a easonable period of time after service.

Michael N. Milby, Clerk

4/4/01

CLERK                                      DATE

3Y) DEPUTY CLERK