5

United States District Court
Southern District of Texas
FILED

MAY 0 4 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN GILBERT | § | CIVIL ACTION NO. B-01-054 |
| | § | |
| VS. | § | |
| | § | |
| JIM HOGG COUNTY, TEXAS, | § | |
| ISAAC BOLCH, in his Individual | § | JURY DEMANDED |
| and Official Capacities, and | § | |
| GILBERT YBANEZ, in his | § | |
| Individual and Official Capacities | § | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendants, **JIM HOGG COUNTY, TEXAS and GILBERT YBANEZ, in his Individual and Official Capacities,** and files their Original Answer to Plaintiff's Original Complaint, and in support thereof would show this Honorable Court as follows:

1.      Defendants admit the allegations regarding the Parties in Paragraphs 1.1-1.4.

2.      Defendants admit the allegations regarding the Jurisdiction in Paragraph 2.1.

3.      Defendants admit the allegations regarding the Venue in Paragraphs 3.1-3.3.

4.      Defendants admit that at the time relevant to the conduct complained of in this lawsuit the Sheriff of Jim Hogg County was Gilbert Ybanez, and Isaac Bolch was a deputy sheriff. Sheriff Ybanez was a policymaker as to the Sheriff's department, not the County as a whole. 4.3, 4.4, 4.5, 4.14

5.      Defendants are without sufficient knowledge at this time to admit or deny the particular

-1-

details of Plaintiff's allegations in Paragraphs 4.1, 4.2, 4.6, 4.7, 4.8, 4.10, 4.12, 4.15, 4.16,

4.17, 4.18, 4.19, 4.20, 4.21, 4.24, 4.25, 4.26, 4.27, 4.28, 4.29, 4.30, 4.31, 4.32, 4.33, 4.34,

4.34, 4.36, 4.37, 4.38, 4.39, 4.40, 4.41, 4.42, 4.43, 4.44, 4.45, 4.46, 4.47, 4.48, 4.49, 4.50,

4.51, 4.52, 4.53, 4.54, 4.55, 4.56, 4.57, 4.58, 4.59, 4.60, 4.61, 4.62, 4.63, 4.64, and 4.66.

6.   Defendants deny the allegations in Paragraphs 4.9, 4.11,4.13, 4.22, 4.23, and 4.65.

7.   Defendants deny that it violated Plaintiff's constitutional rights as Plaintiff has attempted

to set forth in Paragraphs 5.1-5.7 of his Original Complaint.

8.   Defendants do not answer the allegations in Paragraphs 6.1-6.5, 8.1-8.2, 9.1-9.4, 10.1-

10.5, 11, and 12 as they are directed to Defendants Ybanez and/or Bolch in their

individual capacities.

9.   Defendants deny the allegations contained in Paragraphs 7.1-7.3.

10.  Defendants deny that Plaintiff is entitled to any damages as set forth in Paragraphs 13.1-

13.3.

11.  Defendants specifically deny that Plaintiff is entitled to and can recover punitive damages

against it as alleged in Paragraphs 14.1-14.3.

12.  Defendants hereby demand a trial by jury.

## AFFIRMATIVE DEFENSES

13.  Plaintiff cannot recover directly or indirectly from this Defendants because of the

Doctrine of Sovereign Immunity and these Defendants have not waived their sovereign

immunity;

14.  Plaintiff cannot recover, directly or indirectly from these Defendants because the Texas

Tort Claims Act does not allow Plaintiff's claims as pled as such claims are not allowed

under §101.056 of the Tex. Civ. Prac. & Rem. Code regarding discretionary powers of a

governmental entity;

15.    Defendants would show that under §101.101 of Texas Tort Claims Act, Tex.Civ.Prac. & Rem. Code, it is entitled to receive notice of a claim against it, no later than six (6) months after the date that the incident giving rise to the claim occurred. Defendants would further show that Plaintiff did not comply with the notice provision of the Texas Tort Claims Act and therefore urge that Plaintiff cannot recover directly or indirectly against Defendants because the Texas Tort Claims Act notice provision was not complied with

16.    In the alternative, should it be determined the Texas Tort Claims Act does apply to Plaintiff's claim, Defendants would invoke the statutory limit on damages contained in such act and all other defenses and immunity therein;

17.    In the alternative, without waiving the foregoing, Defendants would specifically show that Plaintiff may not recover punitive damages against Defendants because of the statutory bar as to punitive damages contained in Tex.Civ.Prac. & Rem.Code § 101.024.

18.    In the alternative without waiving the foregoing Defendants would show that the actions of **Isaac Bolch** and **Sheriff Gilbert Ybanez,** and all other employees for whose acts and omissions Plaintiff seek to hold **Jim Hogg County** liable, were made in good faith and in performance of their official duties as governmental employees. Defendants **Bolch** and **Ybanez** are therefore protected by the Doctrine of State Official Immunity as set forth by the Texas Supreme Court in *Lancaster v. Chambers.*

19.    In the alternative without waiving the foregoing Defendants would show that **Isaac Bolch** and **Sheriff Gilbert Ybanez** are entitled to qualified immunity.

20.    Plaintiff cannot recover directly or indirectly from these Defendants any damages for any

of the intentional torts alleged in Plaintiff's complaint. Texas Tort Claims Act does not waive immunity for intentional torts such as that plead by the Plaintiff pursuant to §101.057 of the Texas Civil Practices & Remedies Code;

21.    Defendants hereby invoke all defenses set out under the Texas Tort Claims Act as it relates to any and all claims made by Plaintiff against these Defendants;

22.    In the alternative, defendants would show that any loss or damages sustained by plaintiff at the time and place on the occasion mentioned in Plaintiff's Original Complaint was caused in whole or in part, or contributed to, buy the negligence of Plaintiff and not by any negligence or fault or want of care on the part of Defendants.  They invoke the doctrine of comparative responsibility;

23.    In the alternative, Defendants would show that any loss or damages sustained by Plaintiff at the time and place on the occasion mentioned in Plaintiff's Original Complaint was to some extent caused by Plaintiff's failure to use reasonable efforts to mitigate his damages;

WHEREFORE, PREMISES CONSIDERED, Defendants **JIM HOGG COUNTY, TEXAS and GILBERT YBANEZ, in his Individual and Official Capacities,** pray that upon final trial and hearing hereof, Plaintiff takes nothing by his suit, that Defendants recover all costs incurred herein, and that Defendants have such other and further relief, at law or in equity, to which it may show themselves to be justly entitled.

-4-

Signed on May _____ 4 , 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile:  (956) 541-1893

By:___*Eileen Leeds*___
       Eileen M. Leeds
       State Bar No. 00791093
       Federal I.D. #16799

       Attorneys for Defendants
       Jim Hogg County, Texas and
       Gilbert Ybanez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **Defendants' Original Answer to Plaintiff's Original Complaint,** on May  4 , 2001, has been forwarded by via certified mail, return receipt requested to the following:

Mr. Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520

_____*Eileen Leeds*_____
     Eileen M. Leeds

-5-