United States District Court
Southern District of Texas
FILED

SEP 1 2 2001

Michael N. Milby
Clerk of Court

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN GILBERT | § | CIVIL ACTION NO. B-01-054 |
| | § | |
| VS. | § | |
| | § | |
| JIM HOGG COUNTY, TEXAS, | § | |
| ISAAC BOLCH, in his Individual | § | JURY DEMANDED |
| and Official Capacities, and | § | |
| GILBERT YBANEZ, in his | § | |
| Individual and Official Capacities | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, **ISAAC BOLCH**, Defendant herein, and files this his Original Answer and would respectfully show unto the Court the following:

I.

## ORIGINAL ANSWER

1. Defendant denies each and all of Plaintiff's allegations except to the extent expressly admitted or excepted to herein.

2. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 1.1 of Plaintiff's Original Complaint.

3. Defendant admits to the allegations set forth in paragraphs 1.2 - 4.1 of Plaintiff's Original Complaint.

4. Defendant denies the allegations in paragraph 4.2 of Plaintiff's Original Complaint. Even

1

Plaintiff's credentials stated he could carry a firearm while in the performance of his duties, which is not "while on-duty and off-duty".

5. Defendant admits to the allegations set forth in paragraphs 4.3 - 4.5 of Plaintiff's Original Complaint.

6. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 4.6 - 4.8 of Plaintiff's Original Complaint.

7. Defendant denies the allegations in paragraph 4.9 of Plaintiff's Original Complaint.

8. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 4.10 of Plaintiff's Original Complaint. Nonetheless, the Department did have a policy of stopping and ticketing persons who were driving in violation of Texas State law, regardless of the vehicle they were driving, with the exception of marked peace officer vehicles in the performance of their duties. For example, if a Texas DPS vehicle made an otherwise illegal U-turn to effectuate a traffic stop, he would not be ticketed.

9. Defendant denies the allegations in paragraph 4.11.

10. Defendant admits to the allegations in paragraph 4.12 to the extent that he stopped Plaintiff Gilbert in Hebronville, Texas, but does not remember the date. Plaintiff was driving a black Mustang GT with no front license plate.

11. Defendant denies the allegations in paragraph 4.13 to the extent that the Sheriff's department had a policy, practice or custom of harassing border patrol agents, but admits that he stopped Plaintiff's vehicle, but does not remember the date.

12. Defendant admits to the allegations in paragraph 4.14 of Plaintiff's Original Complaint.

2

13. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 4.15 - 4.16 of Plaintiff's Original Complaint.

14. Defendant admits that he discovered that Plaintiff was a Border Patrol agent after he effectuated the stop.

15. Defendant admits to the allegations in paragraph 4.18 of Plaintiff's Original Complaint. He also stopped Plaintiff for revving his engine.

16. Defendant denies the allegation in paragraph 4.19 of Plaintiff's Original Complaint.

17. Defendant admits that he told Plaintiff that he had revved his engine, because he had, as alleged in paragraph 4.20 of Plaintiff's Original Complaint.

18. Defendant denies the allegations in paragraphs 4.21 - 4.23 of Plaintiff's Original Complaint.

19. Defendant admits to the allegations in paragraphs 4.24 - 4.30 of Plaintiff's Original Complaint.

20. Defendant denies the allegations in paragraph 4.31 of Plaintiff's Original Complaint. Defendant asked Plaintiff if he was a Texas Peace Officer.

21. Defendant admits to the allegations in paragraphs 4.32 - 4.37 of Plaintiff's Original Complaint, except to the extent that there is a misnaming of the parties in 4.36.

22. Defendant admits the allegations in paragraph 4.38 to the extent that Plaintiff showed him his credentials, but Defendant denies that they state he is permitted to carry a handgun at all times, they allow him to carry a handgun while in the performance of his duties, which Defendant had just established he was not.

23. Defendant admits that Plaintiff argued with him about his ability to carry a concealed handgun, but denies Defendant "did not care". Plaintiff was in violation of Texas State Law.

24. Defendant admits the allegations in paragraph 4.40 of Plaintiff's Original Complaint and asserts that he also arrested Plaintiff for disorderly conduct at the time as well.

25. Defendant admits to the allegations in paragraphs 4.41 - 4.42 of Plaintiff's Original Complaint.

26. Defendant expressly denies the allegations in paragraph 4.43 of Plaintiff's Original Complaint.

27. Defendant admits to the allegations in paragraphs 4.44 - 4.47 of Plaintiff's Original Complaint. Defendant gave the passenger a verbal warning, as he gave Plaintiff as to the revving of his engine. Defendant turned Plaintiff over to the County jailer. Defendant confiscated Plaintiff's firearm and gave Plaintiff a receipt. Defendant does not know what happened with Plaintiff's credentials, but assumes they were removed from his possession as that is standard jail procedure.

28. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraphs 4.48 - 4.64 of Plaintiff's Original Complaint. It is standard procedure to fingerprint a detainee, and interview him. Plaintiff has already been investigated by the FBI as he is a federal government employee. Plaintiff has no reason to fear for his safety as he was in a locked single cell. The County jail had been very recently inspected and had no exceptions noted.

29. Defendant denies the allegations in paragraph 4.65 of Plaintiff's Original Complaint as Plaintiff had been arrested for disorderly conduct at the scene, not while in jail.

30. Defendant admits to the allegations in paragraph 4.66 of Plaintiff's Original Complaint.

31. Defendant denies the allegations in paragraphs 5.1-14.3

## II.

## **AFFIRMATIVE DEFENSES**

32. Defendant is entitled to sovereign immunity and has not waived its right to sovereign immunity.

33. Defendant hereby invokes the statutory limits on liability and damages set forth in the Texas Tort Claims Act, § 101.001 *et seq.* of the Texas Civil Practice and Remedies Code.

34. Defendant would further invoke all defenses and/or limitations authorized under the Texas Tort Claims Act.

35. Defendant would further assert that Plaintiff's claims for punitive or exemplary damages are expressly barred by §101.024 of the Texas Civil Practice and Remedies Code and are not available against Defendant under 42 U.S.C. § 1983.

36. Plaintiff has no standing to bring a claim for damages as a result of the alleged condition of the jail.

37. Defendant would further assert that any and all action he took where with authority of law.

38. Defendant would further assert that anything he wrote or caused to have filed in this matter is true and further subject to the defense of privilege.

39. Defendant would further assert that he is entitled to official and qualified immunity.

40. Defendant hereby requests trial by jury.

## III.
## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant, Isaac Bolch, prays that upon final trial and hearing hereof, Plaintiff take nothing by his suit, that Defendant recover all costs incurred

herein, and that Defendant have such other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Signed on September /2 , 2001.

>Respectfully submitted,

>WILLETTE & GUERRA, L.L.P.
>International Plaza, Ste. 460
>3505 Boca Chica Blvd.
>Brownsville, Texas 78521
>Telephone: (956) 541-1846
>Facsimile: (956) 541-1893

>By: _Eileen M. Leeds_
>Eileen M. Leeds
>State Bar No. 00791093
>Federal I.D. 16799

>Amy Lawler Gonzales
>State Bar No. 24029579

### CERTIFICATE OF SERVICE

I, hereby certify that on September 12, 2001, a true and correct copy of the above and foregoing has been served on all counsel of record via Certified Mail, Return Receipt Requested as hereinbelow noted:

Mr. Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520

_Eileen M. Leeds_
Eileen M. Leeds

6