United States District Court
Southern District of Texas
FILED

MAY 0 1 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN GILBERT | § | CIVIL ACTION NO. B-01-054 |
| | § | |
| VS. | § | |
| | § | |
| JIM HOGG COUNTY, TEXAS, | § | |
| ISAAC BOLCH, in his Individual | § | JURY DEMANDED |
| and Official Capacities, and | § | |
| GILBERT YBANEZ, in his | § | |
| Individual and Official Capacities | § | |

## DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW Jim Hogg County, Texas; Isaac Bolch, in his Individual and Official Capacities; and Gilbert Ybanez, in his Individual and Official Capacities; Defendants herein, and pursuant to Federal Rule of Civil Procedure 12(b)(6) file this their Motion to Dismiss and would respectfully show unto the Court the following:

**I.**

**STATEMENT OF THE CASE**

Plaintiff, John Gilbert, brings suit against Defendants under 42 U.S.C. § 1983 and for pendent state law claims of assault, false arrest, false imprisonment, negligence, intentional infliction of emotional distress and defamation. The incident made the basis of this lawsuit was the detention and subsequent arrest of Plaintiff John Gilbert by Jim Hogg County sheriff's deputy Isaac Bolch. At the time, Gilbert Ybanez was sheriff of Jim Hogg County. Plaintiff claims that he was unlawfully detained and arrested as part of a policy, custom and practice by the Jim Hogg County Sheriff's Department of harassing Border Patrol agents. Plaintiff was an off-duty Border Patrol

agent at the time of his detention and arrest. Dismissal is proper because Plaintiff cannot prevail on any of his claims.

## II.

## MOTION TO DISMISS UNDER RULE 12(b)(6)

A.  **Standard for Dismissal under Rule 12(b)(6)**

Plaintiff has failed to state a claim for which relief can be granted. Accordingly, his lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 927 (5th Cir. 1988).

B.  **Plaintiff's Claims under 42 U.S.C. § 1983 Should Be Dismissed.**

1.  **Defendants Jim Hogg County and Bolch and Ybanez in their individual capacities entitled to dismissal as there is no evidence of any custom, policy, or practice in violation of 42 U.S.C. § 1983**

To establish municipal liability under 42 U.S.C. § 1983, a complainant must demonstrate a policy or custom which causes or occasions a constitutional deprivation. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). A county's liability under 42 U.S.C. § 1983 is not based on respondeat superior. *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997) Rather, it must be shown that an official responsible for making policy acts with deliberate indifference to the constitutional rights of citizens and that the policy injured the plaintiff. *See id; Bass v. Parkwood*

*Hosp.*, 180 F.3d 234 (5th Cir. 1999); *Monell*, 436 U.S. 658; *Walters v. City of Ocean Springs*, 626 F.2d 1317, 1323 (5th Cir. 1980). Constant and persistent, not isolated, violations constitute custom and policy. *Webster v. City of Houston*, 735 F.2d 838, (5th Cir. 1984); *Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir.1984).

Plaintiff claims that Defendant Jim Hogg County is liable for the actions of Defendant Bolch and Ybanez. A claim against a governmental official in his official capacity is treated as a claim against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 23-27, 112 S.Ct. 358, 361-362, 116 L.Ed.2d 301 (1992). Thus, to establish liability on the part of Defendants Bolch and Ybanez in their official capacities, Plaintiff must demonstrate that Defendant Jim Hogg County had a policy or custom which caused the alleged constitutional deprivation. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996). Plaintiff claims that this policy included making unjustified traffic stops of Border Patrol agents as evidenced by an unknown Jim Hogg Sheriff's Deputy ticketing an unknown Border Patrol agent for an unknown offense on an unknown date. Plaintiff claims that this policy was further evidenced by his own arrest. This is not so. Plaintiff's arrest resulted not from a custom, policy or practice to harass Border Patrol agents but as a consequence of Plaintiff's disregard for the law.

Defendant Isaac Bolch detained Plaintiff on April 7, 1999 after Defendant Bolch noted violations by Plaintiff and his passenger including excessive muffler noise through "revving" the engine of the Ford Mustang driven by Plaintiff, failure by the front seat passenger to wear her seat belt, and failure to display a front license plate. Plaintiff in his complaint denies revving the car's engine, but does not deny that his front seat passenger failed to wear a seat belt and does not address whether he failed to display a front license plate. Plaintiff, nevertheless, cursorily concludes that it

was "illegal and unconstitutional" for Defendant Bolch to stop him.

Defendant Bolch had probable cause to stop the car being driven by Plaintiff. Failing to display a front license plate and failing to wear a seat belt while occupying a front seat of an automobile violates Texas law, and neither infraction was denied by Plaintiff in his complaint. TEX. TRANSP. CODE § 502.404, § 545.413. Once Defendant Bolch had the Mustang pulled over to the side of the road, Plaintiff informed Bolch that he was a Border Patrol agent and had a handgun in the car. Defendant Bolch asked Plaintiff whether he was on duty or coming or going to work or had a permit that entitled him to carry a concealed weapon so as to allow him to lawfully possess the handgun. Plaintiff replied in the negative to each inquiry. Defendant Bolch subsequently arrested Plaintiff for unlawfully carrying a weapon. *See* TEX. PEN. CODE ANN. § 46.02 (Vernon 1994.) Plaintiff was also arrested for disorderly conduct as he used profanity against Defendant Bolch while detained in a residential area in front of a school on a weekday afternoon. *See* TEX. PEN. CODE ANN. § 42.01 (Vernon 1994.)

Defendant Bolch had discretion to arrest Plaintiff without a warrant. *See United States v. Wadley*, 59 F.3d 510, 512 (5th Cir.1995) ("Probable cause for a warrantless arrest exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."). Moreover, an arrest which is valid under state law and is otherwise constitutional does not become unconstitutional, subjecting the officer to suit under §1983, just because of the officer's motives in making the arrest. *Hunter v. Clardy*, 558 F.2d 290, 292 (5th Cir.1977); *Smith v. Gonzales*, 670 F.2d 522, 527 (5th Cir. 1982), cert. denied; *Scott v. United States*, 436 U.S. 128, 136-39 (1978). Defendant Bolch concluded that Plaintiff was violating state laws and consequently arrested Plaintiff for those violations. Simply because Plaintiff believes that Bolch had improper motives for the

arrest will not result in the constitutional arrest becoming unconstitutional.

Plaintiff will be unable to prove that his arrest was the result of a policy, custom or practice by Jim Hogg County to harass Border Patrol agents. His arrest was wholly based on probable cause, as was his subsequent detention in the Jim Hogg County jail. Jim Hogg County and Defendants Bolch and Ybanez in their official capacities are therefore entitled to the dismissal of this claim against them.

### 2. Defendants Bolch and Ybanez are entitled to qualified immunity for claims brought against them in their individual capacities

Defendants Bolch and Ybanez are also entitled to dismissal of this claim against them in their individual capacities as they are entitled to qualified immunity. A governmental official is only liable under section 1983 "'if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights' of the person affected." *Rheaume v. Texas Dept. of Public Safety*, 666 F.2d 925 (5th Cir. 1982)(quoting *Barker v. Norman*, 651 F.2d 1107, 1121 (5th Cir. 1981)). An officer is entitled to qualified immunity when he has acted in good faith, believing that his actions were within his lawful authority, when his belief was objectively reasonable, based on circumstances at the time he acted. *See Douthit v. Jones*, 619 F.2d 527, 534 (5th Cir. 1980); *Barker*, 651 F.2d 1107.

Defendants Bolch and Ybanez have plead qualified immunity as required. *See Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Plaintiff must disprove the official's immunity by showing the official lacked good faith. *Barker v. Norman*, 651 F.2d at 1121. Good faith consists of both subjective and objective components. *Id.; Bogard v. Cook*, 586 F.2d 399 (5th Cir. 1978), cert. denied, 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979). The subjective element of good faith "requires that a plaintiff show that the official's action, although labeled as

'reckless' or 'grossly negligent,' falls on the actual intent side of those terms, rather than on the side of simple negligence." *Bogard*, 586 F.2d at 412; *Garris v. Rowland*, 678 F.2d 1264, (5th Cir. 1982).

Plaintiff alleges that probable cause did not exist because Officer Bolch was mistaken as to the law, *i.e.* that Plaintiff's credentials and federal law allow him to carry a concealed weapon at all times. Defendant Bolch questioned Plaintiff as to each of the elements of unlawful possession of a handgun, with negative responses to each inquiry. Thus, based on his knowledge of the elements of that cause of action and Plaintiff's responses, Defendant Bolch had an objectively reasonable belief that Plaintiff violated the law and should be arrested. Bolch is thus entitled to qualified immunity.

Plaintiff claims that Defendant Ybanez violated his rights by "approving Plaintiff's arrest and detention and by having Plaintiff charged with untrue allegations of criminal conduct." Because Bolch reasonably determined that there was probable cause for Plaintiff's arrest, qualified immunity will apply to claims related to false arrest brought against other governmental employees such as Defendant Ybanez. *See Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001). Moreover, Defendant Ybanez neither participated in Plaintiff's arrest nor jailed him, nor took any active role in any event made the subject of this lawsuit. Plaintiff has not stated how Defendant Ybanez "approved the arrest" other than that Ybanez was simply sheriff at the time of Plaintiff's arrest. This is not an "action" which constitutes a constitutional violation.

Because Defendants Bolch and Ybanez acted reasonably in good faith, they are entitled to qualified immunity. Claims against Bolch and Ybanez in their individual capacities should therefore be dismissed.

3. **Plaintiff cannot bring claims of "unconstitutional jail conditions"**

Plaintiff further claims that Defendants Ybanez and Jim Hogg County violated his rights by

detaining him in unconstitutional jail conditions. Before Plaintiff can seek redress for these allegedly unconstitutional acts, Plaintiff must first claim that he has been injured by these acts, which he has failed to do. U.S. CONST. Art. 3, §§ 2, cl. 1; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Plaintiff has failed to state that he has been injured by the allegedly unconstitutional jail conditions and thus lacks standing to bring such a claim. *Id.*

A pretrial detainee is entitled to relief only if jail conditions amount to a violation of due process under the Fourteenth Amendment. *Valencia v. Wiggins*, 981 F.2d 1440, 1445 (5th Cir.), *cert. denied,* 509 U.S. 905, 113 S.Ct. 2998, 125 L.Ed.2d 691 (1993); *Harris v. Angelina County, Tex.*, 31 F.3d 331, 334 (5th Cir. 1994); *McMahon v. Beard*, 583 F.2d 172b (5th Cir. 1978) *Jones v. Diamond*, 594 F.2d 997, 1003 (5th Cir.1979). Additionally, the governmental official must infer that a serious risk of harm exists to the detainees or intended to force the detainees to endure such conditions. *Farmer v. Brennan, 511 U.S. 825,* 837, 114 S.Ct. 1970, 1979 (1994); *Ortega v. Rowe*, 796 F.2d 765 (5th Cir.1986), *cert. denied,* --- U.S. ----, 107 S.Ct. 1887, 95 L.Ed.2d 495 (1987); *Hare v. City of Corinth*, 74 F.3d 633, 648-50 (5th Cir.1996) (en banc); *Rosa H. v. San Elizario Independent School Dist*, 106 F.3d 648 (5th Cir. 1997). There is no evidence that the conditions of which Plaintiff complains infringed on his rights to due process, nor has there even been any allegation that Defendants were aware of such conditions, if they did, in fact, exist. Plaintiff has failed to state a proper cause of action; thus his claim for unconstitutional jail conditions should be dismissed.

All Defendants are entitled to a dismissal of all claims brought against them under federal law.

**C.    Plaintiff's State Law Claims Should be Dismissed.**

Plaintiff has brought claims of false arrest, false imprisonment, intentional infliction of emotional distress and defamation against Defendant Bolch and Ybanez in their individual

capacities, a claim of assault against Defendant Bolch in his individual capacity and a claim of negligence against Defendants Bolch and Jim Hogg County.

Under Texas law, police officers sued in their individual capacities are entitled to official immunity from suits arising out of performance of discretionary duties in good faith as long as they are acting within their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994).

Under Texas law, an officer's investigation of a crime and arrest of a suspect are discretionary duties within police authority. *See Wyse v. Dep't of Pub. Safety*, 733 S.W.2d 224, 227 (Tex.App.-Waco 1986, writ ref'd n.r.e.); *Dent v. City of Dallas*, 729 S.W.2d 114, 117 (Tex.App.-Dallas 1986, writ ref'd n.r.e.); *Antu v. Eddy*, 914 S.W.2d 166, 171 (Tex.App.-San Antonio 1995, no writ). The first and third criteria for official immunity have been met by Defendant Bolch as he acted in the course and scope of his work and performed discretionary duties in the arrest and detention of Plaintiff; thus the only inquiry remaining is as to good faith. Defendant Ybanez took no action in Plaintiff's arrest and detention. However, even if it were established that Ybanez took some incidental role such as "approving" Plaintiff's arrest, as is advanced by Plaintiff, this action is still in the course and scope of Ybanez's employment and discretionary. The only examination that need be made would be as to good faith.

Texas' test for good faith is the same test used by federal courts for § 1983 inquiries into qualified immunity. *City of Lancaster*, 883 S.W.2d at 656. Texas courts "look to whether a reasonable official could have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred." *Id*. Official immunity and qualified immunity each "protects all but the plainly incompetent or those who knowingly violate the law." *Id*. An officer who reasonably believes that his actions are lawful is entitled to immunity from liability if he pleads such immunity unless it can be shown by the plaintiff

-8-

that the officer lacked good faith. *Barker v. Norman*, 651 F.2d at 1120. Once the officer has shown that he was acting in his official capacity and within the scope of authority, "the burden shifts to the plaintiff to breach the official's immunity by showing that the official lacked good faith." 651 F.2d at 1121 (citations omitted); *Rheaume v. Texas Dept. of Public Safety*, 666 F.2d 925 (5th Cir. 1982) It is insufficient for plaintiff to simply establish the illegality of his arrest. *Saldana v. Garza*, 684 F.2d 1159, 1166 (5th Cir.1982); *Cruz v. Beto*, 603 F.2d 1178, 1183 (5th Cir. 1979). The plaintiff's burden to controvert an officer's verification that he acted in good faith is very high. *See City of Lancaster*, 883 S.W.2d at 657.

Plaintiff claims that Defendants Bolch and Ybanez are liable in their individual capacities for false arrest/false imprisonment, intentional infliction of emotional distress resulting from the arrest and defamation in the form of an arrest record. However, as discussed previously, Defendant Bolch acted in good faith by arresting Plaintiff for his violations of state law; Defendant Ybanez neither arrested Plaintiff, nor jailed him. Even assuming, arguendo, that Defendant Ybanez did "approve" Plaintiff's arrest, this could not be said to have been in bad faith as Plaintiff had been arrested in good faith for violations of state law.

Officers are entitled to official immunity even in cases involving allegations of intentional torts such as those advanced by Plaintiff. *See Hudson v. Vasquez*, 941 S.W.2d 334, 336-37 (Tex.App.-Corpus Christi 1997, pet. filed) (assault); *Victory v. Bills*, 897 S.W.2d 506, 507-10 (Tex.App.-El Paso 1995, no writ) (assault and battery); *Antu*, 914 S.W.2d at 170-72 (false arrest, assault and negligent infliction of emotional distress); *Ervin v. James*, 874 S.W.2d 713, 715-18 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (assault and negligence). Both individual Defendants thus entitled to qualified/ official immunity.

Plaintiff, although he has never produced any proof of same, further claims that Defendant

Bolch slammed the door of the police car on Plaintiff's knee. Plaintiff claims that this was an assault, for which he sues Bolch in his individual capacity, as well as an act of negligence by Bolch and Jim Hogg County. The very same alleged action by Bolch cannot be both an act of negligence and an intentional act. Plaintiff seeks to bring the negligence claim as Jim Hogg County could not be liable for the intentional tort of assault under the Texas Tort Claims Act and derivative immunity would be available to Bolch in his official capacity. TEX. CIV PRAC & REM CODE § 101.057; *City of Hempstead v. Kmiec*, 902 S.W.2d 719, 721 (Tex. App. -- Tyler 1993, no writ.) However, the very same alleged activity is also characterized as an assault by Bolch in his individual capacity as he may be potentially be liable for an intentional act in his individual capacity if it can be shown that Bolch acted in bad faith so as to waive his immunity, which he did not.

This is not the situation wherein a governmental entity has been held liable for negligence of a government employee that ultimately resulted in an intentional act by a different government employee. *See Downey v. Denton County, Texas*, 119 F.3d 381 (5th Cir. 1997)(wherein court found that Plaintiff had a viable cause of action under the Texas Tort Claims Act because the county was liable for the negligence of its employee that later resulted in an assault by a different governmental employee). Plaintiff in the instant case wishes to circumvent the Texas Tort Claims Act's bar of claims for intentional actions of government entities and derivatively of governmental employees in their official capacities, by claiming the very same act allegedly committed by Defendant Bolch is both an act of negligence by Bolch and the defendant county, as well as an intentional act by Bolch in his individual capacity. These actions cannot be maintained simultaneously and should be dismissed, especially in view of the lack of evidence to establish that Defendant Bolch shut the door on Plaintiff's knee or that Plaintiff was injured.

Plaintiff has also claimed that the allegedly tortious actions committed by Defendant Bolch

-10-

and Ybanez in their individual capacities were the result of a conspiracy and joint enterprise. If all of the Defendants' acts fall under qualified/ official immunity, there can be no conspiracy claim. *City of Lancaster*, 883 S.W.2d at 656. Additionally, without proof of Plaintiffs' claims, there can be no finding of a joint enterprise by Defendants to commit same.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon hearing, their Rule 12(b)(6) Motion to Dismiss be granted, that Plaintiff take nothing by his suit, that Defendants recover all costs incurred herein, and that these Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Signed on May 1, 2002.

Respectfully submitted,
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: *Eileen Leeds* w/p aly
Eileen Leeds
State Bar No. 00791093
Federal I.D. No. 16799

Amy Lawler Gonzales
State Bar No. 24029579
Federal I.D. No. 28489

## CERTIFICATE OF SERVICE

      I hereby certify that on May 1, 2002, a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record as noted hereunder.

Mr. Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520

                                          */s/ Eileen M. Leeds*
                                          Eileen M. Leeds