2 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN GILBERT | } | |
| | } | |
| VS. | } | CIVIL ACTION NO. B-01-054 |
| | } | |
| JIM HOGG COUNTY, TEXAS, | } | |
| ISAAC BOLCH, in his Individual | } | |
| and Official Capacities, and | } | JURY DEMANDED |
| GILBERT YBANEZ, in his | } | |
| Individual and Official Capacities | } | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

John Gilbert, Plaintiff, files this Plaintiff's Second Amended Complaint, bringing

suit against Defendants Jim Hogg County, Texas, Isaac Bolch, in his individual and

official capacities, and Gilbert Ybanez, in his individual and official capacities.

## PARTIES

1.1     Plaintiff John Gilbert is an individual residing in Cameron County, Texas.

1.2     Defendant Jim Hogg County, Texas is a political subdivision of the State of

Texas.  It can be served with process by serving County Judge Agapito Molina, at

the Jim Hogg County Courthouse.

1.3     Defendant Isaac Bolch is an individual residing in Texas.  He may be served with

process by personal service wherever he may be found.

1.4     Defendant Gilbert Ybanez is an individual residing in Jim Hogg County, Texas.

He may be served with process at 401 N. Karen, Hebbronville, Texas 78361.

## JURISDICTION

2.1     This Court possesses Federal Question jurisdiction because Plaintiff is bringing

claims under 42 U.S.C. § 1983.

## VENUE

3.1    Venue is proper in the Southern District of Texas because the acts giving rise to Plaintiff's cause of action occurred in the Southern District of Texas.

3.2    Venue is proper in the Southern District of Texas because Defendant Jim Hogg County, Texas is located in the Southern District of Texas.

3.3    Venue is proper in the Southern District of Texas because Defendant Ybanez resides within the Southern District of Texas.

## FACTS

4.1    At all times relevant to this lawsuit, Plaintiff was employed by the United States federal government as a Border Patrol agent.

4.2    As a United States Border Patrol agent, Plaintiff was authorized by federal law to carry a firearm, both while on-duty and while off-duty.

4.3    At all times material to this lawsuit, Defendant Gilbert Ybanez was Sheriff of Jim Hogg County, Texas.

4.4    At all times material to this lawsuit, Defendant Isaac Bolch was employed by Defendant Jim Hogg County, Texas as a Sheriff's Deputy.

4.5    As Sheriff, Defendant Ybanez was a policymaker for Defendant Jim Hogg County, Texas.

4.6    During the time that Defendant Ybanez was sheriff of Jim Hogg County, Texas, friends and family members of Jim Hogg County Sheriff Department personnel were involved in narcotics trafficking.

4.7    United States Border Patrol agents arrested friends and family of Jim Hogg County Sheriff's Department personnel for narcotics offenses.

4.8    For example, on or about August 6, 1998, Plaintiff Gilbert arrested Jose Ybanez, the relative of Defendant Ybanez, with approximately 13.88 pounds of cocaine and approximately 203 pounds of marijuana.

4.9    The Jim Hogg County Sheriff's Department adopted a policy, practice, and/or custom of harassing United States Border Patrol agents.

4.10   For example, a Jim Hogg County Sheriff's deputy stopped and ticketed a Border Patrol agent who was driving a marked Border Patrol vehicle.

4.11   The policy, practice, and/or custom of harassing United States Border Patrol agents included a pattern and practice of unjustified traffic stops.

4.12   On or about April 7, 1999, Plaintiff Gilbert was driving in a 1994 Ford Mustang in Hebbronville, Texas.

4.13   As part of the Jim Hogg County Sheriff's Department's policy, practice, and/or custom of harassing United States Border Patrol agents, on or about April 7, 1999 Defendant Bolch stopped Plaintiff's vehicle.

4.14   At all times material to this lawsuit, including the April 7, 1999 stop and arrest, Defendant Bolch was acting under color of state law, and was acting in the course and scope of his employment with the Jim Hogg County Sheriff's Department.

4.15   Plaintiff is a drug awareness officer with the D.A.R.E. program.

4.16   Defendant Bolch stopped Plaintiff Gilbert in front of the school where he was a drug awareness officer.

4.17   Defendant Bolch knew that Plaintiff was a United States Border Patrol agent.

4.18   Defendant Bolch told Plaintiff Gilbert that he stopped Plaintiff because Plaintiff's passenger was not wearing a seat belt.

4.19    Defendant Bolch could not have known whether or not Plaintiff's passenger was wearing a seat belt because the windows in the 1994 Mustang were darkly tinted.

4.20    Defendant Bolch also claimed that Plaintiff revved his engine.

4.21    Defendant Bolch's claim was false; Plaintiff did not rev his engine.

4.22    Defendant Bolch did not have probable cause to stop Plaintiff.

4.23    Defendant Bolch's stopping Plaintiff was illegal and unconstitutional.

4.24    Plaintiff had his government-issued handgun in the Mustang.

4.25    Plaintiff informed Defendant Bolch that he was a United States Border Patrol agent.

4.26    Plaintiff informed Defendant Bolch that he had a government-issued handgun in the vehicle.

4.27    Defendant Bolch instructed Plaintiff to step out and walk to the rear of the vehicle.

4.28    Plaintiff complied with Defendant Bolch's instructions.

4.29    Defendant Bolch asked Plaintiff whether he had a Texas concealed handgun permit.

4.30    Plaintiff replied that he did not.

4.31    Defendant Bolch asked whether Plaintiff was a law enforcement officer.

4.32    Plaintiff replied that he was a United States Border Patrol agent.

4.33    Defendant Bolch asked Plaintiff whether he was going to or from work.

4.34    Plaintiff replied that he was not.

4.35    Defendant Bolch asked Plaintiff whether he was on duty.

4.36    Defendant Bolch replied that he was not.

4.37    Defendant Bolch told Plaintiff that Plaintiff had no authority to carry a firearm while off duty.

4.38    Plaintiff attempted to show Defendant Bolch his credentials--which explicitly permit him to carry a firearm--but Defendant Bolch would not listen.

4.39    Plaintiff explained to Defendant Bolch that federal law permitted him to carry a firearm; but Defendant Bolch did not care.

4.40    Defendant Bolch arrested Plaintiff, alleging that Plaintiff was guilty of unlawful carrying of a firearm in violation of Texas Penal Code § 46.02.

4.41    Defendant Bolch handcuffed Plaintiff.

4.42    Defendant Bolch took Plaintiff into a marked Jim Hogg County Sheriff's vehicle.

4.43    Before Plaintiff could get his entire body inside the vehicle, Defendant Bolch slammed the door against Plaintiff's left knee, pinning it between the cage and the door. This action injured Plaintiff's knee.

4.44    Defendant Bolch did not ticket the passenger in the Mustang for not wearing a seatbelt.

4.45    Defendant Bolch transported Plaintiff to jail.

4.46    Plaintiff was stripped of his shoes and his possessions.

4.47    Employees of the Jim Hogg County Sheriff's Department seized Plaintiff's government-issued firearm and credentials, supposedly as evidence.

4.48    Rene Ruiz, an employee of the Jim Hogg Sheriff's Department, fingerprinted and photographed Plaintiff.

4.49    Ruiz asked Plaintiff to sign his fingerprints so that they could be forwarded to the FBI.

4.50    The forwarding of the prints to the FBI would result in Plaintiff receiving an FBI number.

4.51    As a federal law enforcement officer, Plaintiff was concerned about having an FBI number.  The fact that Plaintiff has an FBI number will come up every time that Plaintiff undergoes a periodic background investigation, and it will put Plaintiff at a disadvantage in seeking promotions.

4.52    Ruiz unnecessarily asked Plaintiff a series of personal and humiliating conditions.

4.53    Plaintiff asked Ruiz where Plaintiff was to be held.

4.54    Ruiz informed Plaintiff that he was to be held in the back with the other inmates.

4.55    Because Plantiff was a law enforcement agent, he asked to be left in the holding cell, separate from the general population.

4.56    Plaintiff feared for his safety among the general population.

4.57    Nevertheless, Plaintiff was locked in a cell in the area where the other inmates were housed.

4.58    Although Plaintiff's cell was locked, the remainder of the cells whether the other inmates were housed were unlocked.

4.59    The inmates and what appeared to be a trustee were allowed to walk up and down a hallway where Plaintiff was housed.

4.60    The condition of Plaintiff's cell was deplorable.

4.61    There was feces in and around the toilet.

4.62    There were pubic hairs embedded in the mattress cover.

4.63    The mattress had not been washed in a very long time.

4.64    During his arrest and detention, Plaintiff availed himself of his free speech rights

guaranteed by the First and Fourteenth Amendments to the United States Constitution, as well as the Texas Constitution, and protested his unlawful arrest and detention.

4.65   In retaliation, Defendants Bolch and Ybanez charged Plaintiff with disorderly conduct.

4.66   All of the charges against Plaintiff were later dismissed.

4.67   Defendant Bolch was inadequately trained and educated.

4.68.  Examples of Defendant Bolch's inadequate training include, but are not limited to, the following:

a.     Defendant Bolch believed that it was illegal for a Federal law enforcement officer such as a Border Patrol agent to carry a government-issued firearm;

b.     Defendant Bolch got the Supremacy Clause of the United States Constitution entirely backwards; he thought that Texas law preempted Federal law.

c.     Defendant Bolch was not instructed as to the proper standard for arresting a person for disorderly conduct. He believed that the proper standard was to arrest persons who use language that could offend other people. However, not only would such a standard be unconstitutional as a violation of First Amendment rights, it is also a misstatement of Texas law.

4.69   Defendants Ybanez and Jim Hogg County were aware of Defendant Bolch's inadequate training, but they failed to give him the further training an instruction he needed.

4.70    This failure to train constituted a County policy, for which municipal liability may be imposed.

4.71    This failure to train, which led to putting a police officer with a Stalinesque interpretation of the law and civil liberties on the street, constituted deliberate indifference to the rights of the persons with whom Defendant Bolch came into contact.

4.72    Defendants Ybanez and Jim Hogg County knew with certainty that deputies such as Defendant Bolch would encounter and interact with Border Patrol agents. Therefore, not training Defendant Bolch as to the Border Patrol agents' right to carry firearms constituted deliberate indifference.

4.73.   In today's society, Defendants Ybanez and Jim Hogg County faced a substantial certainty that deputies such as Defendant Bolch would encounter a person using profanity. Therefore, not training Defendant Bolch in the definition of disorderly conduct and the line between Constitutionally protected profane language and illegal "fighting words" constituted deliberate indifference.

4.74    Given Defendants Ybanez and Jim Hogg County's failure to train Defendant Bolch, it was highly likely that he would falsely arrest persons such as Plaintiff. It should have been obvious to Defendants Ybanez and Jim Hogg County that the highly predictable consequence of not training Defendant Bolch was that he would falsely arrest people, and this failure to train was the moving force that led to Plaintiff's false arrest and detention.

## FIRST CAUSE OF ACTION

## 42 U.S.C. § 1983

5.1    The conduct of Defendants, as set forth above, violated Plaintiff's civil and constitutional rights.

5.2    Specifically, Defendant Bolch violated Plaintiff's rights by falsely arresting and detaining him. This conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

5.3    Defendant Bolch also violated Plaintiff's rights by using excessive force in slamming the door on his knee. This conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

5.4    Defendant Ybanez violated Plaintiff's rights by approving Plaintiff's arrest and detention, and by having Plaintiff charged with untrue allegations of criminal conduct. This conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

5.5    Defendants Ybanez and Jim Hogg County, Texas violated Plaintiff's rights by detaining him in unconstitutional jail conditions, including the feces on the toilet, the pubic hairs in the mattress, and the unwashed mattress. This conduct and these conditions violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

5.6    Defendant Jim Hogg County, Texas is liable for Defendant Ybanez's violations of Plaintiff's rights because, as sheriff, Defendant Ybanez was a policymaker for Jim Hogg County, Texas.

5.7    Defendant Jim Hogg County, Texas is liable for the actions of Defendants Bolch

and Ybanez because there was a policy, practice and/or custom of harassing Border Patrol agents.

5.8    Defendant Jim Hogg County, Texas is liable for the actions of Defendant Bolch because it failed to train Defendant Bolch. This failure to train constituted both a county policy and deliberate indifference.

## SECOND CAUSE OF ACTION

## FALSE ARREST/FALSE IMPRISONMENT

6.1    The conduct of Defendants Ybanez and Bolch, in their individual capacities only, constitute false arrest and false imprisonment.

6.2    Defendant Bolch willfully detained Plaintiff when he arrested him and caused him to be held in jail.

6.3    Defendant Ybanez willfully detained Plaintiff when he approved Plaintiff's detention.

6.4    The arrest and detention of Plaintiff was without Plaintiff's consent.

6.5    Defendants Bolch and Ybanez had no authority of law to arrest and imprison Plaintiff because there was no probable cause to arrest and detain Plaintiff, and because Plaintiff violated no law.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

7.1    Defendant Bolch was negligent in slamming the door of the Jim Hogg County Sheriff's vehicle on Plaintiff's knee.

7.2    As a direct and proximate result of Defendant Bolch's negligence, Plaintiff suffered damages.

7.3    Defendant Jim Hogg County is liable for Defendant Bolch's negligence under the Texas Tort Claims Act.

## FOURTH CAUSE OF ACTION

## ASSAULT

8.1    The actions of Defendant Bolch (in his individual capacity) in slamming the door on Plaintiff's knee constituted an assault.

8.2    As a direct and proximate result of Defendant Bolch's assault, Plaintiff suffered damages.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

9.1    The Conduct of Defendnats Bolch and Ybanez (in their individual capacities) constituted intentional infliction of emotional distress.

9.2    Defendants Bolch and Ybanez acted intentionally or recklessly in falsely arresting and detaining Plaintiff, and in their treatment of Plaintiff during the arrest and detention.

9.3    The conduct of Defendants Bolch and Ybanez was extreme and outrageous; it was outside all possible bounds of decency, reprehensible, and completely intolerable in a civilized society.

9.4    As a direct and proximate result of Defendants Bolch and Ybanez's outrageous conduct, Plaintiff suffered severe emotional distress.

## SIXTH CAUSE OF ACTION

## DEFAMATION

10.1    The conduct of Defendants' Bolch and Ybanez (in their individual capacities) constituted defamation.

10.2    Defendants published a false statement about Plaintiff when they caused him to have an arrest record (falsely indicating that there was probable cause to arrest him) and an FBI number.

10.3    These false statements were defamatory, especially to a federal law enforcement officer.

10.4    Defendants acted with negligence and malice regarding the truth of the statements.

10.5    As a result of Defendants Bolch and Ybanez's defamation, Plaintiff has suffered damages.

## CONSPIRACY

11.1    Defendants Bolch and Ybanez (in their individual capacities only) were involved in a conspiracy to harass Border Patrol agents.  The common law torts set out in this Petition were committed in furtherance of that conspiracy.  Therefore, Defendants Bolch and Ybanez (in their individual capacities only) are vicariously liable for one another's tortious conduct.

## JOINT ENTERPRISE

12.1    Defendants Bolch and Ybanez were engaged in a joint enterprise.  Therefore, they are each vicariously liabile (in their individual capacities only) for each others tortious conduct.

## DAMAGES

13.1    As a direct and proximate result of Defendants' tortious' and illegal conduct, as set forth above, Plaintiff has suffered damages, including:

(a)    Mental anguish;

(b)    Pain and suffering;

(c)    Loss of liberty and freedom; and

(d)    Loss of earning capacity.

For these losses, Plaintiff seeks to recover actual damages in the amount of $1,000,000.00.

13.2    Plaintiff also seeks to recovery attorney's fees and expert fees under 42 U.S.C. §1988.

13.3    Plaintiff also seeks to recover prejudgment interest, post judgment interest, and costs of court.

## MALICE/EXEMPLARY DAMAGES

14.1    Defendants' conduct, as described above, constitutes malice as that term is defined by the Texas Civil Practice and Remedies Code.

14.2    Defendants are therefore liable for exemplary or punitive damages.

14.3    Plaintiff prays that the jury and the Court award $1,000,000.00 in exemplary or punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, after trial on the merits, he be awarded judgment against Defendants, jointly and severally, for $1,000,000 in actual damages, $1,000,000 in exemplary damages, attorneys' fees, expert fees, court costs, prejudgment interest, and post judgment interest.

RESPECTFULLY SUBMITTED,

MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
Telephone (956) 541-4981
Facsimile (956) 504-3674

By: _____
Michael R. Cowen
S.D. Tex. ID No. 19967
Texas Bar No. 00795307

## CERTIFICATE OF SERVICE

I, Michael R. Cowen, certify that I sent a copy of the above and foregoing document to Defendants' counsel on this the 15th day of May, 2002 by facsimile and regular mail.

Eileen M. Leeds
Willette & Guerra, L.L.P.
3505 Boca Chica Blvd.
Brownsville, Texas 78521

_____
Michael R. Cowen