IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| JOHN GILBERT | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-054 |
| | § | |
| JIM HOGG COUNTY, TEXAS, | § | |
| ISAAC BOLCH, IN HIS INDIVIDUAL | § | |
| AND OFFICIAL CAPACITIES, AND | § | |
| GILBERT YBANEZ, IN HIS INDIVIDUAL | § | |
| AND OFFICIAL CAPACITIES | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss (Docket No.22) to which Plaintiff has filed a Response (Docket No. 24). For the reasons set forth below, it is recommended that this Motion be denied.

### RULE 12(b)(6) STANDARD

In reviewing a 12(b)(6) motion the court is limited to a review of the pleadings. The plaintiff's complaint must be interpreted liberally and all pleaded facts taken as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). A 12(b)(6) motion should be granted only if a liberally interpreted complaint fails to state any valid claim for relief. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). While the pleaded facts are taken as true, specific facts must be set forth, not conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

## BACKGROUND

Plaintiff, John Gilbert ("Gilbert"), is a United States Border Patrol Agent stationed in Jim Hogg County, Texas. Defendant Isaac Bolch ("Bolch") is a deputy sheriff in Jim Hogg County, and Defendant Gilbert Ybanez ("Ybanez") is the Sheriff of Jim Hogg County.

Gilbert's Second Amended Complaint (Docket No. 26) make claims for violations of his constitutional rights by all defendants. His suit is brought pursuant to 42 U.S.C. § 1983.

The facts which Gilbert has pled are that following his arrest on August 6, 1998, of a relative of Ybanez on serious drug charges, the Sheriff's Department of Jim Hogg County adopted a policy, practice and custom of harassing United States Border Patrol agents in Jim Hogg County. In furtherance of that policy or practice, Gilbert says he was stopped on April 7, 1999, by Deputy Bolch. Gilbert was driving his personal car. According to Bolch, the stop was made because a passenger in Gilbert's car was not wearing a seat belt. Gilbert claims that because the windows of his car were tinted, Bolch could not have observed whether the passenger was wearing a seat belt. According to Gilbert he advised Bolch that he was a Border Patrol agent and that he had his government issued handgun in the vehicle. In response to questions by Bolch, Gilbert stated that he did not have a Texas concealed handgun permit and that he was not going to and from work and he was not on duty.

Despite his efforts to convince Bolch that as a federal law enforcement officer he could carry a gun, Gilbert was arrested by Bolch for unlawfully carrying a firearm. Gilbert was handcuffed and as he was being placed in the Sheriff's Department vehicle, Bolch slammed the car door on Gilbert's knee.

Gilbert claims he was placed in a filthy cell, and when he protested, he was charged with disorderly conduct.

All the charges against Gilbert were dismissed.

### THE 12(b)(6) MOTION

Defendants claim that Bolch's arrest of Gilbert for violating the Texas statutes forbidding the carrying of a handgun was valid. They also claim that the County does not have a policy of harassing Border Patrol agents.

Additionally, Defendants claim that Bolch and Ybanez are entitled to qualified immunity. The Defendants claim that Gilbert has not properly pled a cause of action for unconstitutional jail conditions, since he is not claiming to have been injured by those conditions.

Finally, Bolch and Ybanez argue that the state law claims against them should be dismissed on immunity grounds.

### RECOMMENDATION

Federal law permits Border Patrol agents such as Gilbert to carry firearms on or off duty. 8 U.S.C. § 1357(a), 8 C.F.R. § 287.5(f). Bolch either did not know this and did not believe Gilbert when Gilbert told him, or was carrying into effect a policy of harassing Border Patrol agents. If Bolch did not know Gilbert was authorized to carry a firearm, then questions arise concerning the training offered by the Jim Hogg County sheriff's department.

Gilbert's pleadings contain sufficient specific facts to give rise to valid § 1983 claims against all defendants.

As the Sheriff of Jim Hogg County, Ybanez is a policy maker for § 1983 purposes. *See Brown v. Bryan County, OK.*, 219 F.3d 450, 453 (5th Cir. 2000).

3

Gilbert has pled state law claims which the defendants seek to have dismissed. The same considerations with respect to immunity from § 1983 claims apply with respect to the state law claims.

Gilbert has pled that Bolch struck him with his car door. This is adequate to raise a claim under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021.

IT IS THEREFORE **RECOMMENDED** that Defendants' Rule 12(b)(6) Motion to Dismiss be **DENIED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 5th day of June, 2002.

_____
John Wm. Black
United States Magistrate Judge