UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOHN GILBERT | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-54 |
| | § | |
| JIM HOGG COUNTY, TEXAS, | § | |
| ISAAC BOLCH, in his Individual | § | JURY DEMANDED |
| and Official Capacities, and | § | |
| GILBERT YBANEZ, in his | § | |
| Individual and Official Capacities | § | |

## JOINT PRETRIAL ORDER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The parties hereby file this Joint Pretrial Order.

1. **Appearance of Counsel.**

   Plaintiff John Gilbert is represented by:

   Michael R. Cowen
   Law Offices of Michael R. Cowen, P.C.
   765 E. 7th Street, Suite A
   Brownsville, Texas 78520
   Telephone (956) 541-4981
   Facsimile (956) 504-3674

   Defendants Jim Hogg County, Isaac Bolch, and Gilbert Ybanez are represented by:

   Eileen Leeds
   Willette & Guerra, L.L.P.
   International Plaza, Suite 460
   Brownsville, Texas 78521
   Telephone (956) 541-1846
   Facsimile (956) 541-1893

2. **Statement of the Case.**

   On April 7, 1999, Isaac Bolch, a Jim Hogg County Sheriff's Deputy, pulled over Mr. Gilbert. Mr. Bolch claims that he pulled over Mr. Gilbert for revving the engine to his car, for failure to display a front license plate, and also due to the front seat passenger's failure to wear a safety belt.

Mr. Gilbert denies that Mr. Bolch had reason to pull him over. Mr. Bolch arrested Gilbert for carrying a firearm without a license.. Mr. Bolch also claims that Mr. Gilbert used profanity. Mr. Gilbert contends that, under Federal law, he had the right to carry the pistol, and that he should not have been arrested. Mr. Bolch contends that the law did not allow Mr. Gilbert to carry a pistol inasmuch as he is not a peace officer, was not on duty, or coming or going to work, and because Mr. Gilbert did not have a concealed weapon permit. Mr. Bolch claims that the arrest was proper.

Mr. Gilbert was taken to the Jim Hogg County Jail, and was later released after the charges against him were dropped. Mr. Gilbert has brought this lawsuit claiming that Mr. Bolch, Jim Hogg County, and Gilbert Ybanez (who at the time was Sheriff of Jim Hogg County) violated his civil rights by arresting him. Mr. Bolch, Jim Hogg County and Mr. Ybanez contend that they are all entitled to sovereign immunity/qualified immunity.

3. **Jurisdiction.**

This Court possesses federal question jurisdiction because Plaintiff has brought an action under 42 U.S.C. § 1983.

This Court possesses *in personam* jurisdiction because all of the parties are Texas residents.

4. **Motions.**

Defendants' Motion for Summary Judgment is pending.

5. **Contentions of the Parties.**

Plaintiff's Contentions

Plaintiff contends that he had the right to carry a firearm, and that Defendant Bolch violated his civil rights by falsely arresting and detaining him. Plaintiff contends that this arrest and detention also constituted the common law torts of false arrest, false imprisonment, and intentional infliction of emotional distress.

Plaintiff contends that Defendant Bolch violated his civil rights by using excessive force in slamming the door on his knee. Plaintiff also contends that Defendant Bolch was negligent and/or committed a common law assault by slamming the door on Plaintiff's knee.

Plaintiff contends that Defendant Ybanez violated his civil rights by approving Plaintiff's arrest and detention, and by having Plaintiff charged with untrue allegations of criminal conduct.

Plaintiff contends that Defendants Ybanez and Jim Hogg County violated his civil rights by detaining him in unconstitutional jail conditions.

Plaintiff contends that Defendant Ybanez was a policymaker for Jim Hogg County.

Plaintiff contends that the Jim Hogg County Sheriff's department had a policy, practice, and/or custom of harassing Border Patrol agents.

Plaintiff contends that Defendants' actions in causing Plaintiff to have an arrest record constituted defamation.

Plaintiff contends that Defendants Bolch and Ybanez were engaged in a conspiracy and/or a joint enterprise.

Plaintiff contends that Defendants acted with malice, and are thus liable for exemplary damages.

Plaintiff contends that Defendants are not entitled to qualified immunity.

Defendants' Contentions

Defendants contend that Deputy Bolch had probable cause to arrest Plaintiff for not only carryinga firearm without a license but for any one of the various transportation offenses that he had committed.

Defendants contend that a traffic stop is the same as an arrest thus, if there is probable cause to stop one for a traffic violation there is probable cause to arrest one.

Defendants contend that Mr. Gilbert is not a Texas peace officer and thus, is not authorized to carry a weapon unless he is on duty or traveling to or from his post of duty.

Defendants contend that the federal law cited by Plaintiff do not say what Plaintiff allege them to say and it would unexpected for sheriff deputy of Hebronville, Texas to have known that the contends of a CFR internal INS regulation would be.

Defendants also contend that, but for the gap in the law as to whether border patrol agents can carry weapons during their off duty hours, there would be no proposal for a federal law to cover such gap.

Defendants contend that Plaintiff has presented no evidence whatsoever as to whether or not any two persons conspired to perform an illegal act to cause him damages and for Plaintiff to continue to allege that cause of action is frivolous.

Defendants also contend that Plaintiff's allegations of unconstitutional jail conditions are frivolous as well as the Jim Hogg County Jail had passed inspection the day before.

Defendants also contend that Plaintiff has been untruthful about his jailing in that in the deposition he stated that he was put in a jail with several other inmates which is incorrect. He was placed in cell by himself.

Defendants also contend that Sheriff Ibanez took absolutely no action and made no decision vis a vis the Plaintiff, such that he cannot be held liable for any of the actions for which Plaintiff complains.

Defendants further contend that Deputy Bolch is entitled to qualified immunity regardless if the federal law quoted by the Plaintiff were to be read by the court as such. It is his honest belief that the law of the state of Texas was the correct law and thus, he would be entitled to qualified immunity.

Defendants further contend that Plaintiff has suffered no untoward employment action as a result of this arrest. Subsequently to this arrest Plaintiff was arrested for driving while under the influence. Defendants would postulate that to the extend that either of this were going to damage his employment record, his arrest for driving under the influence would be a much more serious offense than the arrest he suffered in Hebronville. Defendant contends therefore that Plaintiff has had no employment damages whatsoever.

Defendants further contend that Plaintiff has produced no evidence of any adverse employment action as a result for any of the acts for which he brings this lawsuit.

**6.      Admissions of Fact**

  A. At all times relevant to this lawsuit, John Gilbert was employed by the United States federal government as a Border Patrol agent.

  B. On April 7, 1999, Gilbert Ybanez was the Sheriff of Jim Hogg County.

  C. On April 7, 1999, John Gilbert was driving a 1994 Ford Mustang in Hebbronville, Texas.

  D. On April 7, 1999, Isaac Bolch was employed by Jim Hogg County as a Sheriff's Deputy.

  E. On April 7, 1999, Isaac Bolch pulled John Gilbert over.

  F. On April 7, 1999, after Isaac Bolch pulled John Gilbert over, John Gilbert informed him that he had a firearm in the back of the vehicle.

  G. On April 7, 1999, John Gilbert did not have a Texas concealed weapons permit.

  H At the time that Isaac Bolch stopped John Gilbert on April 7, 1999, John Gilbert was not going to or from work.

  I.. At the time that Isaac Bolch stopped John Gilbert on April 7, 1999, John Gilbert was off duty.

J.     On April 7, 1999, Isaac Bolch arrested John Gilbert, charging him with unlawful carrying of a firearm in violation of Texas Penal code § 46.02, and with disorderly conduct.

K.     The passenger in the 1994 Ford Mustang was not wearing her seatbelt.

L.     Isaac Bolch did not ticket or arrest the passenger in the 1994 Ford Mustang.

M.     Isaac Bolch transported John Gilbert to jail.

N.     John Gilbert was placed in a jail cell.

O.     An employee of the Jim Hogg Sheriff's Department photographed and fingerprinted John Gilbert.

P.     John Gilbert was arrested for DWI in Brownsville shortly after his arrival in Brownsville.

Q.     On August 6, 1998, John Gilbert arrested Jose Ybanez, a relative of Sheriff Ybanez, with approximately 13.88 pounds of cocaine and 203 pounds of marijuana.

7. **Contested Issues of Fact**

A.     Whether the 1994 Ford Mustang that John Gilbert was driving on April 7, 1999 had a front license plate.

B.     Whether John Gilbert was revving the engine of the 1994 Ford Mustang prior to Isaac Bolch pulling him over.

C.     Whether John Gilbert used the word "shit" prior to Isaac Bolch arresting him.

D.     Whether Isaac Bolch slammed the door of the police car against John Gilbert's knee.

E     Whether Isaac Bolch injured John Gilbert's knee.

F.     Whether the conditions of John Gilbert's jail cell were deplorable; i.e., whether there was feces in and around the toilet, whether there were pubic hairs embedded in the mattress cover, and whether the mattress dirty.

G.     Whether there was a custom, policy, or practice of harassing Border Patrol agents.

H     Whether Isaac Bolch was negligent in slamming the door of the police car against John Gilbert's knee.

I     John Gilbert's fingerprints were forwarded to the FBI.

    J.      Whether Isaac Bolch actually saw that the passenger in the 1994 Ford Mustang was not wearing her seatbelt prior to his pulling the vehicle over.

    K.     Whether Plaintiff suffered any adverse employment actions as a result of his arrest and detention.

    L.     Whether the arrest of the DWI would be a worst "black mark" on Plaintiff's employment record than the arrest for the weapon violation.

**8.  Agreed Propositions of Law.**

    A.     A law enforcement officer has probable cause to arrest someone when the officer possesses knowledge that would warrant a prudent person's belief that the suspect had already committed or was committing a crime.

    B.     John Gilbert is not a Texas Peace Officer.

**9.  Contested Propositions of Law**

    A.     Whether § 46.02 of Tex. Pen. Code Ann. (Vernon 2001) prohibits anyone other than a peace officer from carrying a concealed weapon except as provided by the statute.

           Plaintiff contends that 8 U.S.C. § 1357(a), 8 C.F.R. § 287(f) and the INS Firearms Manual give him the right to carry a firearm off duty.

           Defendant contends that 8 U.S.C. § 1357(a) and 8 C.F.R. § 287(f) are unclear as to whether a Border Patrol agent can carry a firearm off duty, and that a reasonable sheriff's deputy would not be expected to know the contents of the INS Firearms Policy.

    B.     Whether having a pistol on the floor in the back seat constitutes carrying it "on or about" one's person, which is necessary to charge someone for unlawfully carrying a firearm.

    C.     Whether saying the phrase "Y'all never do shit anyway" constitutes disorderly conduct under Texas law.

           Plaintiff contends that Texas law does not criminalize every utterance of profanity; just "fighting words." *Spiller v. City of Texas City*, 130 F.3d 162, 165 (5th Cir. 1997). The words "Y'all never do shit anyway" do not constitute fighting words. *See Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 785 (Tex. App.–El Paso 1996, writ denied) (holding that a woman who called a police officer "estupido" or an "idiot" could not be arrested for disorderly conduct).

   D. If a law enforcement officer arrests someone without probable cause, the arrest is illegal.

10. **Exhibits.**

   Four copies of Plaintiff's exhibit list are attached as Exhibit A.

11. **Witnesses.**

   Four copies of Plaintiff's witness list are attached as Exhibit B.

12. **Settlements.**

   All settlement efforts have been exhausted, and the case will have to be tried.

13. **Trial.**

   The parties estimate that the trial will last eight hours. The parties do not anticipate any logistical problems.

14. **Attachments.**

   Plaintiff has attached two copies of his proposed voir dire questions as Exhibit C.

_____                                Date: _____
United States District Judge

*[signature]*                                            Date: 10/18/02
Attorney-in-Charge, Plaintiff

*[signature]*                                            Date: 10/18/02
Attorney-in-Charge, Defendants

# EXHIBIT A

# PLAINTIFF'S EXHIBIT LIST

| UNITED STATES DISTRICT COURT | * | SOUTHERN DISTRICT OF TEXAS |

| John Gilbert | CASE NO. B-01-054 |
|---|---|
| versus | **Exhibit List** |
| Jim Hogg County Texas, Isaac Bolch in his Individual Capacities, and Gilbert Ibanez, in his Individual and Official Capacities | |
| Judge Hilda G. Tagle | Case Manager: Stella Cavazos<br>Court Reporter: Beck Record |
| List of | Proceeding       Date |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1. | Incident Report - Jim Hogg County Sheriff's Dept. | | |
| 2. | Border Patrol - Report of Apprehension or Seizure | | |
| 3. | INS Firearms Policy Manual | | |
| 4. | U. S. Department of Justice-Identification Card | | |
| 5. | Photographs | | |

| UNITED STATES DISTRICT COURT | * | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| John Gilbert | CASE NO. B-01-054 |
|---|---|
| versus | **Exhibit List** |
| Jim Hogg County Texas, Isaac Bolch in his Individual Capacities, and Gilbert Ibanez, in his Individual and Official Capacities | |
| Judge Hilda G. Tagle | Case Manager: Stella Cavazos<br>Court Reporter: Beck Record |
| List of | Proceeding           Date |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1. | Incident Report - Jim Hogg County Sheriff's Dept. | | |
| 2. | Border Patrol - Report of Apprehension or Seizure | | |
| 3. | INS Firearms Policy Manual | | |
| 4. | U. S. Department of Justice-Identification Card | | |
| 5. | Photographs | | |

| UNITED STATES DISTRICT COURT | * | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| John Gilbert | CASE NO. B-01-054 |
|---|---|
| versus | **Exhibit List** |
| Jim Hogg County Texas, Isaac Bolch in his Individual Capacities, and Gilbert Ibanez, in his Individual and Official Capacities | |
| Judge Hilda G. Tagle | Case Manager: Stella Cavazos<br>Court Reporter: Beck Record |
| List of | Proceeding            Date |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1. | Incident Report - Jim Hogg County Sheriff's Dept. | | |
| 2. | Border Patrol - Report of Apprehension or Seizure | | |
| 3. | INS Firearms Policy Manual | | |
| 4. | U. S. Department of Justice-Identification Card | | |
| 5. | Photographs | | |

| UNITED STATES DISTRICT COURT | * | SOUTHERN DISTRICT OF TEXAS |

| John Gilbert | CASE NO. B-01-054 |
|---|---|
| versus | **Exhibit List** |
| Jim Hogg County Texas, Isaac Bolch in his Individual Capacities, and Gilbert Ibanez, in his Individual and Official Capacities | |
| Judge Hilda G. Tagle | Case Manager: Stella Cavazos<br>Court Reporter: Beck Record |
| List of | Proceeding            Date |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1. | Incident Report - Jim Hogg County Sheriff's Dept. | | |
| 2. | Border Patrol - Report of Apprehension or Seizure | | |
| 3. | INS Firearms Policy Manual | | |
| 4. | U. S. Department of Justice-Identification Card | | |
| 5. | Photographs | | |

# EXHIBIT B

# PLAINTIFF'S WITNESS LIST

| UNITED STATES DISTRICT COURT | * | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | |
|---|---|
| John Gilbert | CASE NO.   B-01-154 |
| versus | **Witness List** |
| Jim Hogg County Texas, Isaac Bolch in his Individual Capacities and Gilbert Ybanez, in his Individual and Official Capacities | |
| Judge Hilda G. Tagle | Case Manager: Stella Cavazos<br>Court Reporter: Beck Record |
| List of | Proceeding            Date |

1. John Gilbert

2. Gilbert Ybanez

3. Isaac Bolch

4. Michael McCarty

5. David De La Rosa

6. Javier Gonzalez

7. Carl Rhodes

8. Jorge Diaz

9. Norberto Monarres

10. Cathy Rhodes

11. Melissa Garcia

12. Michael R. Cowen

| UNITED STATES DISTRICT COURT | * | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| John Gilbert | CASE NO. B-01-154 |
|---|---|
| versus | **Witness List** |
| Jim Hogg County Texas, Isaac Bolch in his Individual Capacities and Gilbert Ybanez, in his Individual and Official Capacities | |
| Judge Hilda G. Tagle | Case Manager: Stella Cavazos<br>Court Reporter: Beck Record |
| List of | Proceeding       Date |

1. John Gilbert

2. Gilbert Ybanez

3. Isaac Bolch

4. Michael McCarty

5. David De La Rosa

6. Javier Gonzalez

7. Carl Rhodes

8. Jorge Diaz

9. Norberto Monarres

10. Cathy Rhodes

11. Melissa Garcia

12. Michael R. Cowen

| UNITED STATES DISTRICT COURT | * | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | |
|---|---|
| John Gilbert | CASE NO. B-01-154 |
| versus | **Witness List** |
| Jim Hogg County Texas, Isaac Bolch in his Individual Capacities and Gilbert Ybanez, in his Individual and Official Capacities | |
| Judge Hilda G. Tagle | Case Manager: Stella Cavazos<br>Court Reporter: Beck Record |
| List of | Proceeding         Date |

1. John Gilbert

2. Gilbert Ybanez

3. Isaac Bolch

4. Michael McCarty

5. David De La Rosa

6. Javier Gonzalez

7. Carl Rhodes

8. Jorge Diaz

9. Norberto Monarres

10. Cathy Rhodes

11. Melissa Garcia

12. Michael R. Cowen

| | |
|---|---|
| UNITED STATES DISTRICT COURT   *   SOUTHERN DISTRICT OF TEXAS | |

| | |
|---|---|
| John Gilbert | CASE NO. B-01-154 |
| versus | **Witness List** |
| Jim Hogg County Texas, Isaac Bolch in his Individual Capacities and Gilbert Ybanez, in his Individual and Official Capacities | |
| Judge Hilda G. Tagle | Case Manager: Stella Cavazos<br>Court Reporter: Beck Record |
| List of | Proceeding         Date |

1. John Gilbert

2. Gilbert Ybanez

3. Isaac Bolch

4. Michael McCarty

5. David De La Rosa

6. Javier Gonzalez

7. Carl Rhodes

8. Jorge Diaz

9. Norberto Monarres

10. Cathy Rhodes

11. Melissa Garcia

12. Michael R. Cowen

# EXHIBIT C

# PLAINTIFF'S

# PROPOSED VOIR DIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JOHN GILBERT** | § | |
| | § | **CIVIL ACTION NO. B-01-54** |
| **VS.** | § | |
| | § | **JURY DEMANDED** |
| **JIM HOGG COUNTY, TEXAS, ET AL.** | § | |

## PLAINTIFF'S PROPOSED VOIR DIRE

1. What do you feel about people who get arrested suing the officer that arrested them?

2. What do you feel about awarding money damages for mental anguish?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN GILBERT | § | |
| | § | CIVIL ACTION NO. B-01-54 |
| VS. | § | |
| | § | JURY DEMANDED |
| JIM HOGG COUNTY, TEXAS, ET AL. | § | |

## PLAINTIFF'S PROPOSED VOIR DIRE

1. What do you feel about people who get arrested suing the officer that arrested them?

2. What do you feel about awarding money damages for mental anguish?