IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
OCT 31 2002
Michael N. Milby, Clerk
By Deputy Clerk

| | |
|---|---|
| JOHN GILBERT, § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. B-01-054 |
| JIM HOGG COUNTY, TEXAS, § | |
| ISAAC BOLCH, and § | |
| GILBERT YBANEZ, § | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Pending before this court is Jim Hogg County, Isaac Bolch, and Gilbert Ybanez ("Defendants") Motion for Summary Judgment (Docket No. 32). For the reasons set forth below it is recommended that the motion be granted in part and denied in part.

## BACKGROUND

Plaintiff, John Gilbert ("Gilbert"), is a United States Border Patrol Agent stationed in Jim Hogg County, Texas. Defendant Isaac Bolch ("Bolch") is a deputy sheriff in Jim Hogg County and Defendant Gilbert Ybanez ("Ybanez") is a sheriff in Jim Hogg County.

Gilbert's Second Amended Complaint (Docket No. 26) sets forth several causes of action. Gilbert claims a violation of his constitutional rights pursuant to 42 U.S.C. § 1983, as well as state law claims of false arrest/imprisonment, negligence, assault, intentional infliction of emotional distress, defamation, conspiracy and joint enterprise.

Gilbert has set forth the following facts in his pleadings. On August 6, 1998, Gilbert arrested a relative of Ybanez on serious drug charges. Following that incident, the Sheriff's Department of Jim Hogg County has adopted a policy, practice and custom of harassing United

States Border Patrol agents in Jim Hogg County. In furtherance of that policy or practice, Gilbert says he was stopped on April 7, 1999, by Deputy Bolch. Gilbert was driving in his personal car. According to Bolch, the stop was made because a passenger in Gilbert's car was not wearing a seat belt. Gilbert claims that Bolch would have not been able to determine whether the passenger was wearing a seat belt because the windows of the vehicle were tinted to darkly. According to Gilbert he advised Bolch that he was a Border Patrol Agent and that he had his government issued handgun in the vehicle. In response to questioning by Bolch, Gilbert stated that he did not have a Texas concealed handgun permit and that he was not traveling to and from work at the time, nor was he on duty.

Despite his efforts to convince Bolch that as a federal law enforcement officer, Gilbert was authorized to carry his gun, Gilbert was arrested by Bolch for unlawfully carrying a firearm. Gilbert was handcuffed and as he was placed in the Sheriff's Department vehicle, Gilbert alleges that Bolch slammed the car door on Gilbert's knee. Gilbert further claims that he was placed in a filthy cell, and when he protested as to the conditions, he was charged with disorderly conduct.

All the charges against Gilbert were later dismissed.

## MOTION FOR SUMMARY JUDGMENT

### I. Summary Judgment Standard

Summary judgment evidence is viewed in the light most favorable to the nonmovant. *Eastman Kodak v. Image Technical Servs.*, 504 U.S. 451, 456-58 (1992). Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). An alleged factual dispute will not defeat a motion unless it is genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986). An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *Douglass v. United Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). Once the movant establishes the absence of a factual dispute, the burden shifts to the nonmovant to show that summary judgment is inappropriate.

The nonmoving party may not rest upon the mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256. Instead, the nonmovant must "make a showing sufficient to establish the existence of each essential element of its case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This evidence must do more than create a metaphysical doubt. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). Unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *Anderson*, 477 U.S. at 256.

## II. Summary Judgment Evidence as to the Claim Under 42 U.S.C. 1983

### 1. As to Defendant Jim Hogg County

#### A. Jail Conditions

Gilbert claims that the condition of the prison was such that it violated his rights under the Fourth, Fifth, and Fourteenth Amendment. He asserts that the cell was unsanitary as there was feces on the toilet and pubic hairs on an unwashed mattress. Defendants argue that the jail had passed the Texas Commission on Jail Standards' inspection the day before Gilbert was arrested. Defendants contend that if the jail passed inspection it must have been sanitary and could not have been in such a condition, so as to violate Gilbert's constitutional rights.

Defendants assume by their argument that the standards for the state of Texas are the same as those implied by the constitution. Defendants also fail to realize that the conditions Gilbert complains of could have occurred after the inspection.

Defendants state in their motion for summary judgement that "... these conditions even if true, do not constitute cruel and unusual punishment...". However, Defendants fail to provide any legal authority for that conclusory proposition. Without further support, it is unclear whether the jail conditions constituted a violation of Gilbert's rights. Summary judgment is not proper as to this cause of action.

### B. Liability for Ybanez in his Role as a Policymaker

Gilbert claims that Jim Hogg County is liable for Ybanez's actions as he was a policy maker for the county. Whether the county is liable depends first, upon whether under Texas law the sheriff had discretionary policy making authority granted upon him by the county, and second whether the sheriff was acting according to a policy. A local government unit cannot be held liable under § 1983, unless action pursuant to official county policy of some nature caused the constitutional violation of which the plaintiff complains. A county cannot be held liable on a simple respondeat superior theory, as the policy must be the "moving force" behind the violation. *Bigford v. Taylo*, 834 F.2d 1213 (5th Cir. 1988).

In order to determine whether the Jim Hogg County is liable for Ybanez actions as a policymaker, there must be a close examination of whether Texas law granted discretionary policy making authority to Ybanez, whether there was a policy or practice of discrimination against border patrol officers in place, and whether this policy was the moving force behind Ybanez actions. It is possible that Ybanez was acting on his own, in which case the county may still be liable if it knew of his conduct and ratified it. In either case, the facts necessary to make this determination have not been clearly laid out by the parties, thus summary judgment is not proper as to this cause of action.

### C. Liability for Bolch and Ybanez's Actions

Gilbert claims that Jim Hogg County is liable for the actions of both Bolch and Ybanez, as there was a policy of discrimination against border patrol officers. In order for the Jim Hogg County to be liable, the court in *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), has indicated that there must first be a policy, practice or custom of discrimination. Defendants argue that in order to constitute a custom or policy, the action must be constant and persistent and not isolated, citing *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984). Defendants point out that Gilbert can only refer to four incidents where border patrol officers were stopped, thus there is no policy.

Defendants conclusion assumes that these must be the "only" incidents and overlooks the fact that Gilbert may present further evidence during trial as to the circumstances surrounding those incidents by the witnesses themselves. Determination of whether there was a policy or custom requires a fact intensive analysis and as such summary judgment is not proper as to this cause of action.

### D. Failure to Train Bolch

Gilbert claims that Jim Hogg County failed to train Bolch causing him to violate Gilbert's constitutional rights. Defendants do not offer any evidence as to the training employed by the county or lack thereof. It is not clear whether Bolch was trained as to the status of the law concerning border patrol officers' rights to carry firearms, in light of the Texas handgun permit requirement. Summary judgment is not proper as to this cause of action.

### 2. As to Defendant Bolch

*Official Capacity*

To the extent that Gilbert has named defendants Bolch and Ybanez in their official capacity, it has been established that it should be treated as a claim against the county itself.

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978). It is not considered a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his individual capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). There is no longer a need to bring official-capacity actions against local government officials, as held in *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief.

In this case, Gilbert has sued defendants Bolch and Ybanez in their official capacities, as this is just another way of suing Jim Hogg County, the analysis has already been completed above.

*Individual Capacity*

To the extent that Gilbert has brought a claim against the defendants in their individual capacities, they have asserted the affirmative defense of qualified immunity. The burden thereafter then shifts to the plaintiff to demonstrate that he had a clearly established right under the constitution. The court then must determine whether the defendant has raised an issue as to the existence of exceptional circumstances, such that a reasonable person would not have known of the clearly established right. *Vera v. Tu*, 73 F.3d 604 (5th Cir. 1996). In order to determine whether the parties have met their respective burdens, each constitutional claim must be analyzed.

**A. Excessive Force Resulting in Knee Injury**

Gilbert claims that he has a clearly established right to be free from excessive force under the Fourth Amendment, which prohibits unreasonable seizures. However, it is not clear from the pleadings of the parties, nor from the information obtained in discovery whether the force was excessive or not. Both Gilbert and Bolch have presented different versions of the facts. It cannot be determined whether Bolch acted in good faith, thus maintaining qualified immunity. With respect to this claim, summary judgment is not proper.

### B. False Arrest and Imprisonment

Gilbert claims that he has a clearly established right to be free from false arrest and imprisonment under the Fourth Amendment. He further claims that he has a legal right to carry his firearm. Gilbert has cited to government regulations[1] and a portion of the Immigration and Naturalization Firearms Policy manual as support for the proposition that border patrol officers are legally allowed to carry their firearm with them, on and off duty. Bolch contends that these federal regulations are not clear as to the right to carry a firearm while off duty, as the authority cited by Gilbert is not clear, and a policy manual is not law.

With respect to the state of the law in this case, it is unclear whether Gilbert could legally carry his firearm while off duty. Without a specific federal law exempting border patrol officers from abiding with the Texas Concealed Hand gun law, Bolch may have had probable cause to arrest and detain Gilbert for an apparent violation. Due to the uncertainty in the law, an officer could have been reasonable in upholding the established and widely known law in Texas at the time of the arrest. It is possible that county law enforcement are not familiar with the INS firearm policy manual and Bolch could have reasonably overlooked it in determining probable cause in this case. Summary judgment is proper as to this claim.

---

[1] 8 U.S.C. 1357 and 8 C.F.R. 287.5(f).

### D. Discrimination

Gilbert claims that he was the target of discrimination and did not receive equal treatment under the law in violation of the Fourteenth Amendment, with regard to the aforementioned incidents. Gilbert states that he has a clearly established right to equal protection under the law and to be free from discrimination from law enforcement. The basis for the discrimination is Gilbert's status as a border patrol agent. This allegation is based on different incidents, each with a different set of facts.

1) Discrimination in the use of Excessive Force. Excessive force imposed as a result of a discriminatory intent cannot be determined from the facts pleaded by both parties. In fact, Gilbert claims the knee injury occurred, while Bolch denies it altogether.

2) Discrimination as the Basis for False Arrest. With regard to the false arrest, Bolch argues that he signaled Gilbert to pull over because his vehicle was missing a front license plate and that his passenger was not wearing a seatbelt. Bolch also argues that he arrested Gilbert for failure to have a handgun permit and disorderly conduct, not because he was a border patrol agent. Gilbert states that Bolch used this as an excuse to pull him over.

Although Bolch gives non-discriminatory reasons for his actions, it questionable as to why he did not issue a citation for either the missing license plate, or the seatbelt violation. Further, the charges against Gilbert for failure to have a handgun permit were later dropped. The facts are not dispositive as to whether Bolch used these facially neutral tactics, as a pretext to discriminate. It is also not apparent whether Bolch himself was involved in other similar discriminatory actions with other border patrol agents. Bolch would not be entitled to qualified immunity if he discriminated in bad faith and knowingly violated Gilbert's right to equal protection under the law. Summary judgment is not proper as to this cause of action.

### 3. As to Defendant Ybanez

#### A. Approving Bolch's Actions and Unlawful Charging of Gilbert

Gilbert claims that Ybanez violated his Fourth and Fourteenth Amendment rights under the constitution, by approving the arrest made by Bolch and having Gilbert charged with untrue allegations of criminal conduct. Defendants argue that Ybanez did not participate at all in the arrest or charging process. In order to be liable, they contend, Ybanez would have to be personally involved in the acts which caused the violations. As stated earlier, mere respondeat superior liability is not sufficient. Whether Ybanez knew of the particular arrest and officially "approved" it and whether he "ordered" Gilbert to be charged, are facts which would determine whether Ybanez was personally involved. The facts as indicated by each of the parties are obscure and contradictory with respect to this issue. Therefore, summary judgment is not proper as to this cause of action.

#### B. Jail Conditions

Gilbert claims that the condition of the prison was such that it violated his rights under the Fourth, Fifth, and Fourteenth Amendment. He asserts that the cell was unsanitary as there was feces on the toilet, pubic hairs on an unwashed mattress. Summary judgment is not proper as to this cause of action, for the same reasons set forth above regarding Jim Hogg County.

### III. Summary Judgment Evidence as to the State Law Claims

#### A. As to Defendants Bolch and Ybanez

Gilbert brings the following state law claims against Bolch and Ybanez: 1) false arrest / false imprisonment; 2) negligence; 3) assault; 4) intentional infliction of emotional distress; 5)

defamation; 6) conspiracy; and 7) joint enterprise. Defendants argue that they are entitled to qualified immunity as to these claims when brought against them in the their individual capacities. The test with respect to qualified immunity addresses whether the defendants acted in good faith. Once again, the standard is whether a reasonable official could have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. *City of Lancaster v. Chambers*, 883 S.W.2d 650 (Tex. 1994).

The facts presented by each of the parties conflict as to these causes of action. Summary judgment evidence is viewed in light most favorable to the nonmovant. Gilbert has presented facts that if true, may show that the defendants acted in bad faith. However, Bolch and Ybanez present facts that if true, may show that they acted in good faith. As there remains issues of material fact as to these state law claims and to the issue of qualified immunity, summary judgment is not proper as to these causes of action.

## IV. Conclusion

IT IS THEREFORE **ORDERED** that,

As to defendant, JIM HOGG COUNTY, the motion for summary judgment be DENIED with respect to all claims.

As to defendant, BOLCH, the motion for summary judgment be GRANTED, only as to claim for false arrest and imprisonment under 42 U.S.C. § 1983, and DENIED with respect to all remaining claims.

As to defendant, YBANEZ, the motion for summary judgment be DENIED with respect to all claims.

DONE in Brownsville, Texas, on this 31st day of October, 2002.

*[signature]*
Filemon B. Vela
United States District Judge